**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| **JOHN DOE** | § | |
| | § | |
| **On behalf of himself and all similarly** | § | |
| **situated persons** | § | |
| | § | |
| **Plaintiffs,** | § | **CIVIL ACTION NO. 4:20-CV-1894** |
| | § | |
| **v.** | § | |
| | § | |
| **PASADENA INDEPENDENT** | § | |
| **SCHOOL DISTRICT** | § | |
| | | |
| **Defendant.** | | |

## CLASS ACTION COMPLAINT AND REQUEST FOR INJUNCTIVE AND DECLARATORY RELIEF AND DAMAGES

### I. INTRODUCTION

1.      This lawsuit is about a salary dispute for on-site work performed by Plaintiff and other essential hourly employees of Defendant Pasadena Independent School District ("Pasadena ISD") during the Harris County "Stay Home, Work Safe" order from March 24, 2020 to April 30, 2020. During the duration of the Harris County order, only Pasadena ISD employees performing jobs determined to be essential were requested to/allowed to work on-site while the rest of the Pasadena ISD employees worked from home pursuant to more specific guidelines issued by their respective departments.

2.      Around March 24, 2020 Pasadena ISD supervisors sent several emails to Pasadena ISD hourly employees including Plaintiff stating they would be paid a salary of forty hours per week at their regular hourly rate and an additional salary of one and a half times their regular hourly rate for all work performed on site during the Harris County order.

3.     From March 24, 2020 to April 30, 2020 Plaintiff and other Pasadena ISD hourly employees whose jobs were deemed essential worked on site and risked their health and safety to keep Pasadena ISD functioning and to support themselves and their families.

4.     Pasadena ISD paid Plaintiff and the other hourly on-site workers the full amount of salary stated in the emails, forty hours per week at the regular hourly rate, plus one and one half times their regular hourly rate for any hours worked on site. After receiving their salaries including the amounts for on-site work during the Harris County order, Plaintiff and the other Pasadena ISD hourly employees used the money to pay bills, purchase necessary items for their households, and for other similar necessities.

5.     After disbursement of the first salary payments which included the money paid for on-site work during the Harris County order, approximately a month and a half went by. Pasadena ISD continued paying Plaintiff and the other hourly employees who worked on-site wages based on the same method of calculation for several additional pay cycles and did not provide any information or issue any communications in any way indicating that there was any issue with the way that the salary of Plaintiff and the other hourly on-site workers was being calculated.

6.     Then, on or around May 20, 2020, nearly a month and a half after the first payments including the on-site essential job salaries were disbursed, Pasadena ISD sent out written correspondence to Plaintiff and the other hourly employees who worked on site during the Harris County order stating that there had been "a major clerical error" that "caused hourly employees to receive overpayments of premium/call out pay for time worked on-site during the [Harris County order]." The correspondence went on to state that "overpayments, including those due to errors by the District are considered gifts of

public funds under Texas law and are prohibited by the Texas Constitution and that "[a]s a result, the District is required to take all necessary action to correct these overpayments immediately."

7.     Based upon information and belief, there was no "overpayment" or "clerical error" and Plaintiff and the other hourly workers who worked on-site were paid exactly how much they were supposed to be paid, with full knowledge and approval from Pasadena ISD. Upon information and belief, the pay calculation of forty hours per week at regular time and one-and-a-half times the hourly rate for work on-site was deliberately, purposefully, and intentionally reviewed, approved, and implemented by Pasadena ISD administrators and senior decision-makers. Upon information and belief, the payments and amounts were reviewed multiple times and approved by senior Pasadena ISD officials before the money was actually disbursed to Plaintiff and the other hourly on-site employees.

8.     Upon information and belief, when the pay rate at issue was approved by Pasadena ISD, it was based on the expectation by Pasadena ISD that it would receive funds from FEMA and/or other relief program and/or other relief and assistance funds for which it was applying. Upon information and belief, Pasadena ISD learned shortly before May 20, 2020 that it was not going to receive the full amount of funds which it was expecting to receive from its application for money from FEMA and/or other relief and assistance funds.

9.     Upon information and belief, after Pasadena ISD found out it would not be receiving as much money from FEMA and/or other relief funds as it planned, it found itself facing a budget deficit. In response, Pasadena ISD decided to recast the approved

and agreed upon salary paid to Plaintiff and the other hourly on-site workers for doing essential jobs during the Harris County order as "clerical error" and "overpayment." This was done as a pretext for illegally claiming ownership to the money in order to cover a budget shortfall. Despite Pasadena ISD's written statements to Plaintiff and the other on-site hourly workers, the salary paid to them was not a "gift of public funds" and the return of the money is not "required under Texas law" or "required by the Texas constitution." In making these statements, Pasadena ISD was mis-stating the applicable law and attempting to use its status as a government entity to illegally coerce and pressure Plaintiff and the other on-site hourly workers to make payments to cover its budget deficit.

10.     Upon further information and belief, the payments of the salary at issue were also included in the March 2020 and April 2020 Authorized Disbursements and Budget Amendments which were reviewed, evaluated, considered and approved by the Pasadena ISD Board of Trustees. Upon further information and belief, because these payments were included in authorized disbursement schedules and budget amendments which were approved by the Pasadena ISD Board of Trustees, by definition they are not "clerical error." Instead, they are authorized payroll expenditures which were considered and approved in accordance with the established Pasadena ISD procedures for approval of expenditures, payroll, budget, administrative, and personnel decisions.

11.     Pleading upon further information and belief, because these expenditures were included in the budgetary documents for March 2020 and April 2020 approved by the Board of Trustees, Pasadena ISD lacks the legal authority to pursue "repayment" of any portion of these properly authorized expenditures. Absent a Board of Trustees resolution

specifically authorizing Pasadena ISD to take such action, Pasadena ISD cannot unilaterally decide to take steps to recapture payroll expenditures which were reviewed and approved by the Board of Trustees before they were paid out. Upon information and belief, the Pasadena ISD Board of Trustees has not authorized Pasadena ISD to force the "repayment" of the money at issue via specific authorization. Upon information and belief, Pasadena ISD's actions in seeking to compel "repayment" of the money is illegal because Pasadena ISD is taking action to recapture funds spent on authorized expenditures approved by the Board of Trustees without proper authorization, legal basis, or legal authority to do so.

11.     The budget deficit caused by the discrepancy between how much FEMA and/or other relief program money Pasadena ISD and how much it actually got is no different than if Pasadena ISD failed to accurately predict changing tax revenues or increased costs and found itself facing a deficit because the projections were inaccurate. In those instances, Pasadena ISD would not have the right to resolve those budget shortfalls by demanding that its employees "repay" some of the money which was already paid to them as earned salary.

12.     Pasadena ISD has no legal right to demand that Plaintiff or any of the other hourly employees who were paid for on-site work during the Harris County order "repay" salary to make up for a budget shortfall that has nothing to do with them. Pasadena ISD's demand that Plaintiff and the other hourly employees "repay" some of the salary constitutes a breach of contract and/or unjust enrichment by Pasadena ISD. Further, Pasadena ISD's request that some of the salary be "repaid" is an illegal government taking of the property of Plaintiff and the other hourly employees without due process in

violation of the Fifth Amendment and Fourteenth Amendment of the United States Constitution and 42 U.S.C. §1983.

13.     Plaintiff therefore brings this suit on behalf of himself and other similarly situated employees to obtain a declaration from the Court that Pasadena ISD's demand that Plaintiff and the other hourly employees "repay" a portion of their salary is unlawful, to obtain injunctive relief to stop Pasadena ISD from attempting to force such payments to be made or taking any adverse employment actions because of the refusal to make the payments, and to recover all damages to which Plaintiff and the other class members are entitled by law.

## II. PARTIES

14.     Plaintiff JOHN DOE is a resident of Manvel, Texas and an hourly employee of Pasadena Independent School District. He may be contacted by and through his counsel of record.

15.     Defendant Pasadena Independent School District is a school district located in Harris County, Texas. Pursuant to Tex. Civil Practice and Remedies Code §17.024 (c), this Defendant may be served with process by serving Superintendent DeeAnn Powell at 1515 Cherrybrook Lane, Pasadena, Texas 77502 or wherever she may be found. A citation is requested at this time.

## III. JURISDICTION AND VENUE

16.     Plaintiff seeks relief pursuant to 42 U.S.C. §1983 and 28 U.S.C. §2201 et. seq. and the Fifth and Fourteenth Amendments to the United States Constitution. This Court has jurisdiction pursuant to 28 U.S.C. §§1331 and 1343. This Court has supplemental jurisdiction over the state law claims asserted herein pursuant to 28 U.S.C. §1367.

17.     Pursuant to 28 U.S.C. §1391 (b)(2), venue is proper in this District because a substantial part of the events or omissions giving rise to the claim occurred therein and the named Defendant performs its official duties in this District.

## IV. FACTS

18.     Plaintiff is an hourly employee of Defendant Pasadena Independent School District ("Pasadena ISD").  On March 24, 2020, the Harris County "Stay Home, Work Safe" order went into effect and required all individuals except those performing essential functions to stay home.

19.     Around the time the Harris County order went into effect, officials from Pasadena ISD sent several emails to Plaintiff and other hourly employees. These emails informed employees about which jobs were considered essential and would need to continue to be performed while the Harris County order was in effect. The emails also stated that all hourly employees would be paid a salary of forty hours per week at their regular hourly rate and an additional salary of one and a half times their regular hourly rate for any time they spent working on-site performing jobs deemed essential.

20.     Plaintiff and the other hourly employees whose jobs were deemed essential made the difficult decision to risk their health and safety and work during the Harris County order. Their risks allowed Pasadena ISD to continue operating during the Harris County order. In making that calculated risk, Plaintiff and the other hourly employees relied on the additional salary for working on site which Pasadena ISD promised them and considered the economic benefits to themselves and their families in deciding to expose themselves to the risks of working on-site during the Harris County order.

21.     Plaintiff and the other hourly employees who worked on-site worked hard, exposed themselves to significant risk, and performed their work well in a tough situation. Pasadena ISD paid Plaintiff and the other hourly employees who worked on-site the full amounts promised in the emails sent by Pasadena ISD officials around March 24, 2020. Plaintiff and the other hourly employees who worked on-site used the money they received to pay bills, make essential household purchases, and pay for other necessary expenses.

22.     After disbursement of the first salary payments which included the money paid for on-site work during the Harris County order, approximately a month and a half went by. Pasadena ISD continued paying Plaintiff and the other hourly employees who worked on-site wages based on the same method of calculation for several additional pay cycles and did not provide any information or issue any communications in any way indicating that there was any issue with the way that the salary of Plaintiff and the other hourly on-site workers was being calculated.

23.     Then, around May 20, 2020 Pasadena ISD sent written correspondence to Plaintiff and the other hourly employees who were paid for their on-site work during the Harris County order stating that there had been "a major clerical error" that "caused hourly employees to receive overpayments of premium/call out pay for time worked on-site during the [Harris County order]." The correspondence went on to state that "overpayments, including those due to errors by the District are considered gifts of public funds under Texas law and are prohibited by the Texas Constitution and that "[a]s a result, the District is required to take all necessary action to correct these overpayments immediately."

24.     Based upon information and belief, after Pasadena ISD learned that it was not going to be receiving as much in FEMA and/or other relief program funds as it anticipated, its senior managers found themselves facing a budget deficit created by their approval of the higher salary rates for on-site work during the Harris County order and the sudden shortfall between what they expected Pasadena ISD to receive in FEMA and/or other relief program funds and what it actually received. Based upon information and belief, the Pasadena ISD senior managers evaluated possible solutions and recast Pasadena ISD's budget shortfall as a "major clerical error" and to make up the budget deficit by illegally going into the pockets of Plaintiff and the other hourly employees who received on-site pay.

25.     Pasadena ISD's casting of the attempt to recover the money as a "repayment" of a "clerical error" does not change the reality that Pasadena ISD's actions are nothing more than an illegal attempt to seize private property to cover a budget shortfall. Pleading upon information and belief, there was no "overpayment" or "clerical error." Plaintiff and the other hourly workers who worked on-site were paid exactly how much they were supposed to be paid, with full knowledge and approval from Pasadena ISD. After Pasadena ISD found out it would not be receiving as much money from FEMA and/or other relief program as it planned, it found itself facing a budget deficit. In response, Pasadena ISD recast the approved and agreed upon salary paid to Plaintiff and the other hourly on-site workers for doing essential jobs during the Harris County order as "major clerical error" and "overpayment" as pretext for illegally claiming ownership to the money in order to cover a budget shortfall. Despite Pasadena ISD's written statements to Plaintiff and the other on-site hourly workers, the salary paid to them was not a "gift of

public funds" and the return of the money is not "required under Texas law" or "required by the Texas constitution." In making these statements, Pasadena ISD was mis-stating the applicable law and attempting to use its status as a government entity to illegally coerce and pressure Plaintiff and the other on-site hourly workers into making payments to cover Pasadena ISD's budget deficit.

### V. CLASS ACTION ALLEGATIONS

26.    Plaintiff brings this lawsuit under Fed. R. Civ. P. 23 (a) and (b)(1)(B)(2) and(b)(1)(B)(3)  on behalf of himself and all others similarly situated (collectively, the "Essential Hourly Employees") as members of the following proposed class: "All hourly employees of Pasadena ISD who were paid salary of forty hours per week at their regular hourly rate and one and a half times their regular hourly rate for work performed on-site from March 24, 2020 to April 30, 2020 and received notice from Pasadena ISD that their salary was overpaid and they are required to pay money to Pasadena ISD."

27.    This action meets all of the prerequisites set out in Fed. R. Civ. P. 23(a) for maintaining a class action.

28.    **Numerosity:** The proposed class is so numerous that the joinder of individual members is impracticable. To the best of Plaintiff's knowledge, the proposed class has over one hundred members and most likely has several hundred members.

29.    **Commonality:** This action presents questions of law and fact common to the proposed class, including but not limited to the following:

- Whether Pasadena ISD's demand that members of the class pay money to Pasadena ISD constitutes an illegal taking of private property without just

compensation in violation of the class members' property rights under the Fifth
and Fourteenth Amendment of the United States Constitution

- Whether Pasadena ISD's demand that members of the class pay money to
  Pasadena ISD without allowing for a fair and impartial process to determine the
  rights the members of the class have to the money and the legality of Pasadena
  ISD's demand is a violation of the due process rights of the class members
  protected by the Fourteenth Amendment of the United States Constitution

- Whether Pasadena ISD deprived members of the class of their Constitutional
  rights acting under the color of Texas state law

- Whether Pasadena ISD breached its employment contract with the class members
  in demanding they "repay" part of their salary to Pasadena ISD

- Whether Pasadena ISD's demand for "repayment" after the class members
  performed on-site work constitutes unjust enrichment

- Whether members of the class are entitled to declaratory and injunctive relief

30.     **Typicality:**  Plaintiff's claims are typical of the claims of the proposed class.

a. Plaintiff's claims and those of the proposed class arise out of the same conduct
by Pasadena ISD, are based on the same legal theories, and involve the same harms

b. Plaintiff is seeking the same relief for himself and other members of the
proposed class.

31.     **Adequacy of Representation:** Plaintiff will fairly and adequately protect the
interests of the class he seeks to represent. There is no conflict of interest between
Plaintiff and members of the proposed class. Plaintiff will vigorously prosecute this
action on behalf of the proposed class.

32.     Plaintiff's counsel has the resources, experience, and expertise to successfully prosecute this action against Defendant. Counsel knows of no conflict between any members of the class, or between counsel and any member of the class.

33.     Pasadena ISD is acting or refusing to act on grounds that apply generally to the class, thereby making final injunctive relief or corresponding declaratory relief appropriate for the class as a whole.

34.     Questions of law and fact common to the class members predominate over any questions affecting only individual members, and a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.

## VI. EQUITABLE ALLEGATIONS

35.     Pasadena ISD has violated the rights of Plaintiff and the proposed class members which are protected by the United States Constitution, causing them harm and injury by demanding that they surrender their private property to Pasadena ISD without due process. Pasadena ISD will continue to violate the Constitutional rights of Plaintiff and members of the proposed class unless it is enjoined to prevent it from continuing to engage in this unlawful conduct. Appropriate injunctive relief is therefore requested.

36.     Pursuant to the doctrine of equitable estoppel, as a result of its own prior conduct, Pasadena ISD does not have a legal right to claim ownership over the money paid to Plaintiff and other members of the proposed class. The doctrine of equitable estoppel prevents a party from changing its position when a party misrepresented facts to, or concealed facts from, the other party knowing the party would rely on the representations to its detriment. Equitable estoppel precludes the person estopped- because of his acts, conduct, or silence from asserting a right which he otherwise would have had.

37.     Pasadena ISD initially took the position that all of the money paid to Plaintiff and other members of the proposed class was the proper amount of wages due to them and made this representation to Plaintiff and the other class members both through written correspondence and by then paying them salary based on calculations consistent with the pay rates of everyone receiving forty hours per week at their regular hourly rate and one and a half times their hourly rate for work on-site, as stated in the emails. Plaintiff and the other class members justifiably relied on Pasadena ISD's representations about their salaries to their detriment. First, Plaintiff and the other proposed class members relied on the representations in making the difficult decision to risk their health and safety by going to work to support themselves and their families. Second, Plaintiff and the other proposed class members relied on the representations after they received their paychecks from Pasadena ISD.

38.     Plaintiff and the other members of the proposed class used the money they received to pay bills, purchase necessary household items, and make other necessary expenditures. They also relied on the salary amounts they received from Pasadena ISD in planning their budgets and the budgets of their families going forward. Forcing Plaintiff and the other members of the proposed class to "repay" the money and to bear the consequences of Pasadena ISD's budgeting mistakes would be inequitable. Under the doctrine of equitable estoppel, injunctive and declaratory relief against Pasadena ISD declaring the money to belong to Plaintiff and the members of the proposed class and barring Pasadena ISD from claiming ownership of the money is requested.

## VII. CAUSES OF ACTION

### Count One

### Illegal Taking of Private Property Without Just Compensation

### (Fifth Amendment and Fourteenth Amendment, 28 U.S.C. §1983).

39.     This claim is being asserted by Plaintiff on behalf of himself and the proposed class against Defendant Pasadena ISD. Plaintiff re-alleges and incorporates the allegations set forth in the preceding paragraphs to the extent relevant, as if fully set forth herein.

40.     The Federal Government of the United States is prohibited by the Fifth Amendment to the United States Constitution from taking private property for public use without just compensation. This prohibition is applicable to the State of Texas and its various subdivisions including Pasadena ISD under the Fourteenth Amendment to the United States Constitution.

41.     The class members including Plaintiff were paid a salary by Pasadena ISD for on-site work they performed during the Harris County order. The salary amounts paid to Plaintiff and the class members were consistent with the written representations made by Pasadena ISD officials to Plaintiff and the other class members in emails sent at the start of the Harris County order discussing how Plaintiff and the other class members would be paid during the pendency of the Harris County order.

42.     The money at issue was paid as salary to Plaintiff and the other class members by Pasadena ISD. After Pasadena ISD completed the payment, the money became the property of Plaintiff and the other class members, who became its rightful owners and acquired all corresponding property rights therein.

43.     By demanding that Plaintiff and the other class members "repay" some of the money and labelling the money as a "clerical error" which resulted in an "overpayment of public funds" which is "prohibited by the Texas Constitution" Pasadena ISD engaged in an illegal taking of the money for public use without just compensation. Furthermore, Pasadena ISD is using its status as a government entity to compel "repayment" of the money by presenting it as a legal and constitutional obligation owed to the Texas government, rather than an obligation arising under an employer-employee relationship. Although correspondence for Pasadena ISD has claimed that Pasadena ISD would provide "detailed explanations" and "answer any questions," when Plaintiff and others have followed up with Pasadena ISD supervisors, they were not given any additional information but were only told that they have to pay the money because "there is no other way."

44.     Pasadena ISD's demands that Plaintiff and the other class members pay Defendant money equivalent to a portion of the salary they received from Defendant constitutes an illegal taking of private property from Plaintiff and the other class members without just compensation in violation of their rights protected under the Fifth Amendment to the United States Constitution and the Fourteenth Amendment to the United States Constitution which makes the Fifth Amendment protection applicable to the State of Texas and by extension its subdivisions including Pasadena ISD.

45.     The wrongful actions of Pasadena ISD are actionable under 28 U.S.C. §1983. Pasadena ISD is a "person" as that term is used in 28 U.S.C. §1983. At all times relevant to this lawsuit, Pasadena ISD acted or purported to act under the color of law and in performance of its official duties as a school district. At all times relevant to this lawsuit,

Pasadena ISD's actions were taken pursuant to official Pasadena ISD policy. Pasadena ISD's official policy of demanding a payment of money from the class members and its practice of how the policy was carried out and is being carried out has caused an irreparable injury to the Constitutional rights of the class members to not have their private property taken for public use without just compensation. As a direct and proximate result of Pasadena ISD's official policies and practices, members of the class have suffered an irreparable injury to their Constitutional rights and will continue to suffer irreparable injury to their Constitutional rights unless appropriate declaratory and injunctive relief is issued against Pasadena ISD to stop its illegal conduct, i.e. forcing the class members to "repay" part of the money that was paid to them as salary.

**Count Two**

**Violation of the Due Process Clause of the Fourteenth Amendment**

**(Fourteenth Amendment, 28 U.S.C. §1983)**

46.     This claim is being asserted by Plaintiff on behalf of himself and the proposed class against Defendant Pasadena ISD. Plaintiff re-alleges and incorporates the allegations set forth in the preceding paragraphs to the extent relevant, as if fully set forth herein.

47.     The Due Process Clause of the Fourteenth Amendment to the United States Constitution prohibits Pasadena ISD from depriving Plaintiff and the other class members of their personal property (i.e. money) without due process of law.

48.     The written communications from Pasadena ISD stated that Plaintiff and the other class members who received them would later be given a full explanation of the relevant facts and details and all of their questions would be answered. In reality, Pasadena ISD

has refused to provide any additional information to Plaintiff and the other class members in response to their inquiries. The only "information" that Pasadena ISD has provided to Plaintiff and the other class members has been several repeated variations of the general and vague statements that there was a "clerical error" which resulted in an "overpayment" and that the money must be "repaid" to Pasadena ISD by Plaintiff and the other class members because the repayment is a "gift of public funds" which is "illegal under the Texas Constitution."

49.     Plaintiff and other members of the class have requested additional information from their direct supervisors and other high-ranking Pasadena ISD officials, and their requests have been met with a consistent response of refusing to provide any additional information and telling them some variation of the statement that they are legally obligated to pay Pasadena ISD the money and there are no other alternatives.

50.     Pasadena ISD has violated and is continuing to violate the Due Process rights of Plaintiff and the other class members by failing to provide and refusing to provide them the relevant factual information which forms the basis of Pasadena ISD's claim that it is legally entitled to force Plaintiff and the other class members to "repay" the money.

51.     Because Pasadena ISD has failed to disclose the relevant facts forming the basis of its claim that it is legally entitled to compel Plaintiff and the class members to pay money, Plaintiff and the other class members cannot understand the full legal and factual basis of the claims being made against their private property by Pasadena ISD nor can they fully evaluate to what extent Pasadena ISD's claims actually comport with applicable law. This is especially significant considering that Pasadena ISD's real

motivation for seeking the repayment appears to be related to budget deficits caused by Pasadena ISD not receiving funds it was expecting to receive.

52.     In addition to depriving Plaintiff and the other class members of information to be able to understand and evaluate the legal and factual issues for themselves, Pasadena ISD has also failed to establish any process whatsoever to fairly and impartially review the claims being made by Pasadena ISD, give Plaintiff and the other class members an opportunity to state their response and assert their rights, and determine the appropriate resolution of these countervailing interests in accordance with applicable law and legal standards.

53.     Pasadena ISD has simply declared by fiat that Plaintiff and the other class members are required to pay the money and has not provided Plaintiff and the other class members any mechanism or forum to properly assert their rights and have the legality of Pasadena ISD's claims fairly and independently evaluated.

54.     Pasadena ISD's failure and refusal to provide information and its failure to provide any forum to allow Plaintiff and the class members to assert their rights to the money and have the competing claims fairly and impartially adjudicated are violations of the Due Process rights provided to Plaintiff and the other class members by the Fourteenth Amendment to the United States Constitution.

55.     The policies and practices of Pasadena ISD of not providing information and failing to provide a forum to evaluate and adjudicate the legal rights of Pasadena ISD and the class members constitute violations of the Due Process of Plaintiff and other members of the class.

56.     Pasadena ISD's mischaracterization of the salary payments at issue as a "clerical error" when these were, upon information and belief, authorized payroll expenditures duly approved by the Board of Trustees, and Pasadena ISD's failure to timely disclose this information in a truthful and accurate manner to Plaintiff and the other members of the proposed class constitutes a violation of their Due Process rights. By concealing and mischaracterizing the true nature of these payments, Pasadena ISD has actively and deliberately deprived Plaintiff and the other proposed class members of information which is necessary and relevant for them to be able to understand and determine their legal rights and to be able to evaluate the veracity and accuracy of the legal claims about the payments which Pasadena ISD is making. Pasadena ISD's policies and practices of deliberate concealment and mischaracterization of this information constitute violations of the Due Process of Plaintiff and the other members of the class.

57.     Upon information and belief, Pasadena ISD's actions in seeking to recapture the salary payments at issue violate the Due Process rights of Plaintiff and the other members of the class because Pasadena ISD engaged in these actions without specific authorization or approval from the Board of Trustees. Upon information and belief, the payroll expenditures at issue were reviewed and authorized by the Board of Trustees as part of the Board's review and authorization of budgetary expenditures and amendments for March 2020 and April 2020. Upon information and belief, because the salary payments at issue were authorized expenditures made with the approval and authorization of the Board in accordance with applicable Pasadena ISD rules and regulations, Pasadena ISD cannot unilaterally take steps to recapture any portion of these expenditures without specific approval and authorization from the Board. Upon information and belief,

Pasadena ISD did not obtain Board authorization and does not currently have Board authorization for the acts forming the basis of this lawsuit. Upon information and belief, Pasadena ISD's actions complained of in this lawsuit were taken illegally without Board approval or authorization in violation of Pasadena ISD's own internal regulations. Pasadena ISD's policies and procedures of taking action to recapture the money at issue which upon information and belief were done without proper Board authorization, constitute violations of the Due Process rights of Plaintiff and the other members of the proposed class.

58.     As a direct and proximate result of Pasadena ISD's actions and failures to act, Plaintiff and the other class members have suffered irreparable injury and will continue to suffer irreparable injury unless appropriate injunctive and declaratory relief is issue to stop the illegal actions of Pasadena ISD complained of herein which constitute violations of the Constitutional rights of Plaintiff and the other class members.

**Count Three**

**Breach of Contract**

59.     This claim is being asserted by Plaintiff on behalf of himself and the proposed class against Defendant Pasadena ISD. Plaintiff re-alleges and incorporates the allegations set forth in the preceding paragraphs to the extent relevant, as if fully set forth herein.

60.     Pasadena ISD's demand that Plaintiff and the other class members "repay" money which they were paid as salary calculated based on emails sent out by Pasadena ISD officials constitutes a breach of the employment contract(s) between Plaintiff and the class members and Pasadena ISD.

61.     The employment contract(s) at issue were entered into by Pasadena ISD pursuant to Tex. Local Government Code Sec. 271.001 et. seq., the "Public Property Finance Act." Pasadena ISD's sovereign immunity relating to the breach of contract claim(s) asserted herein has been waived pursuant to Tex. Local Government Code Sec. 271.152 et. seq.

62.     At all times relevant to this lawsuit, there was a valid and enforceable employment contract and/or valid and enforceable employment contracts between Pasadena ISD and Plaintiff and the other class members. Plaintiff and the other class members were/are parties to the employment contract(s) and are proper parties to bring suit for breach of contract.

63.     The emails or other correspondence from Pasadena ISD modified the terms of the employment contract(s) that were in effect prior to the issuance of the emails and correspondence. The modified terms reflected increased pay rates for Plaintiff and the other class members who worked on site to perform jobs deemed essential during the Harris County shutdown order. Plaintiff and the other class members accepted and agreed to the proposed modification of the employment contract(s) by indicating their assent and confirmation and/or by performing on-site work after the modified pay rates were communicated to them by Pasadena ISD.

64.     Plaintiff and the class members performed their contractual obligations by working on-site performing jobs deemed essential during the pendency of the Harris County order.

65.     Pasadena ISD breached the employment contract(s) by demanding that Plaintiff and the other class members "repay" a portion of the agreed-upon salary paid for on-site

work they performed during the Harris County order. Pasadena ISD's breach has caused and is continuing to cause injury and harm to Plaintiff and the other class members.

## Count Four

## Unjust Enrichment/Quantum Meruit

66.     This claim is being asserted by Plaintiff on behalf of himself and the proposed class against Defendant Pasadena ISD. Plaintiff re-alleges and incorporates the allegations set forth in the preceding paragraphs to the extent relevant, as if fully set forth herein.

67.     Plaintiff and the other class members provided valuable service by working on-site during the Harris County order. The services were provided for Pasadena ISD. Pasadena ISD accepted the services. Pasadena ISD had reasonable notice that Plaintiff and the other class members expected to be compensated for the services provided consistent with the amounts stated in emails from Pasadena ISD officials sent around the start of the Harris County order.

## Count Five

## Declaratory Relief

## (28 U.S.C. §2201)

68.     This claim is being asserted by Plaintiff on behalf of himself and the proposed class against Defendant Pasadena ISD. Plaintiff re-alleges and incorporates the allegations set forth in the preceding paragraphs to the extent relevant, as if fully set forth herein.

69.     There presently exists an actual controversy within the jurisdiction of this Court regarding whether or not Defendant's actions and inactions described herein are lawful,

pursuant to the Fifth and Fourteenth Amendments of the United States Constitution, applicable law of the United States and the State of Texas, and considerations of fairness and equity.

70.     Plaintiff and the other class members are interested parties because they were subject to the actions and inactions described, and accordingly seek a declaration of their rights concerning the legality of those actions and inactions to which they object.

71.     As a direct and proximate result of Defendant's actions and inactions, Plaintiff and the other class members suffered injuries entitling them to receive declaratory and injunctive relief against Defendant.

## VIII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays as follows for relief for himself and others similarly situated:

(1) For certification of the proposed "Essential Hourly Employees" class defined above

(2) For a declaration that Pasadena ISD's policy and practice of forcing payment from the members of the proposed class violates the Takings Clause of the Fifth Amendment of the United States Constitution and the Fourteenth Amendment of the United States Constitution which makes this protection applicable to actions of states and their subdivisions, including Pasadena ISD

(3)     For a declaration that Pasadena ISD's policy and practice of forcing payment from the members of the proposed class without disclosing relevant information or establishing a venue to allow the class members to assert their claims and adjudicate

the competing claims fairly and impartially violates the Due Process protections of the Fourteenth Amendment of the United States Constitution

(4) For a declaration that the proposed class members are entitled to the money they received for on-site work pursuant to the employment contract(s) between the class members and Pasadena ISD, that Pasadena ISD has breached the contract(s) and is in continuing breach of the contract(s) by demanding and compelling "repayment" of the money, and that pursuant to Tex. Local Government Code Sec. 271.152 et. seq. Pasadena ISD is not entitled to sovereign immunity for the breach of contract claims asserted herein by the members of the proposed class

(5)     For a declaration that Pasadena ISD's actions of demanding and compelling a "repayment" of a portion of the agreed-upon salary paid to the members of the proposed class for the performance of on-site work constitutes unjust enrichment and that the proposed class members are entitled to the full amount of the salary they were paid pursuant to quantum meruit

(6)     For issuance of a preliminary injunction restraining Pasadena ISD from collecting, attempting to collect, or otherwise compelling or requesting payment of the funds at issue from members of the proposed class or taking any adverse employment actions against members of the proposed class because of the nonpayment of the funds at issue until a final proceeding adjudicating the relative rights and competing claims of Pasadena ISD and members of the proposed class can take place and a determination can be made whether Pasadena ISD has the legal right to demand and compel payment from the members of the proposed class

(7)      For issuance of a permanent injunction restraining Pasadena ISD from collecting, attempting to collect, or otherwise compelling or requesting payment of the funds at issue from members of the proposed class or taking any adverse employment actions against members of the proposed class for nonpayment after a full proceeding adjudicating the relative rights and competing claims of Pasadena ISD and members of the proposed class has taken place

(8)      For a declaration that Pasadena ISD has no legal right to collect, attempt to collect, or otherwise compel or request payment of the funds at issue from members of the proposed class or taking any adverse employment actions against members of the proposed class for nonpayment after a full proceeding adjudicating the relative rights and competing claims of Pasadena ISD and members of the proposed class has taken place

(9)      For an award of all damages to which Plaintiff and the other members of the proposed class are entitled under applicable law and/or based on considerations of equity

(10)      For an award of attorney fees and costs pursuant to 42 U.S.C. §1988. An award of attorney fees and costs is also sought pursuant to 28 U.S.C.§202 because an award of attorney fees and costs is authorized by applicable law of the State of Texas for comparable actions, i.e. Tex. Civ. Prac. & Rem. Code §37.001 et.seq, the "Uniform Declaratory Judgments Act," specifically Tex. Civ. Prac. & Rem. Code §37.009. An award of attorney fees and costs is also sought pursuant to the claim for breach of contract and quantum meruit, pursuant to Tex. Civ. Prac. & Rem. Code §38.001 Sections (1), (2), and (8) as well as all other applicable statutes or rules in law or equity allowing the recovery of attorney fees and costs

(11)   For such other and further relief, including injunctive and declaratory relief, which the Court may deem proper and just and to which Plaintiff and the other class members may show themselves justly entitled by law or in equity.

Respectfully submitted,

**THE   KISHINEVSKY   LAW   FIRM, PLLC**

/s/__*Leonid Kishinevsky*_____
Leonid Kishinevsky
Texas State Bar No.: 24062526
S.D. Tex. Bar No. 1128651
Rashmi Parthasarathi
Texas State Bar No.: 24092940
S.D. Tex. Bar No. 3425947
6363 Richmond Ave. Suite 207
Houston, TX 77057
Tel: (832) 529-1111
Fax: (281) 819-2775
Leo@832LAW.com
Rashmi@832LAW.com

**COUNSEL FOR PLAINTIFFS**